Filed 2/14/14  P. v. Singh CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANDREW SINGH,<br><br>        Defendant and Appellant. | A139867<br><br>(Alameda County<br>Super. Ct. No. H53840) |

Andrew Singh (appellant) appeals from a judgment entered after he pleaded no contest to being an accessory to a crime (Pen. Code, § 32[1]) and the trial court placed him on five years probation with various conditions.  Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file a supplemental brief and filed a brief on January 23, 2014.  Having independently reviewed the record, we conclude there are no issues that require further briefing and affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

An information was filed April 26, 2013, charging appellant with first degree burglary (§ 459, count one), making criminal threats on two different occasions (§ 422, counts two and three), and misdemeanor vandalism (§ 594, subd. (a), count four).  The information further alleged that appellant had a prior conviction for which he received a

---

[1] All further statutory references are to the Penal Code.

1

prison term (§ 667, subd. (e)(1)) and that the prior was a serious felony conviction (§ 667, subd. (a)(1)).

The information was based on an incident that took place on January 24, 2012.[2] At about noon that day, an officer was dispatched to the victim's residence to investigate a possible burglary. The victim told the officer that his brother-in-law, later identified as appellant, broke into his residence. The victim said that he and his family had been having problems with appellant after they told appellant that he was no longer welcome at their home. Appellant had threatened to " 'kill the whole family' " so the victim and his family had been staying at a hotel. The victim had a camera surveillance system installed at his home and had footage showing appellant on his property and walking out of the front door with the victim's flat-screen television. The victim said that his computer router was also missing from his home. The officer observed that the exterior and interior doors of the garage were damaged from having been forced open, and that the living room was ransacked.

The officer called appellant, who said he was out of town and unable to report to the police station, but could meet with the officer the next day. Appellant made a "brief spontaneous statement" that he did in fact break into the victim's residence and had taken the television. He said he knew he was in " 'trouble' " and wanted to " 'make things right.' " Appellant did not appear at the police station the next day.

On May 1, 2013, appellant made but withdrew a *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118). Appellant then made a *Faretta* request (*Faretta v. California* (1975) 422 U.S. 806), at which time he was given "paperwork" and his case was continued to the next day. The record does not reflect what became of appellant's request. On July 3, 2013, appellant pleaded no contest to an amended count four that charged him as an accessory to a crime—felony vandalism (§ 594)—under section 32. All remaining counts and allegations were dismissed. On August 1, 2013, the trial court placed appellant on five years probation, awarded him 78 days of presentence credit,

---

[2]The facts relating to the incident are taken from the probation officer's report.

ordered him to serve 364 days in jail, and to pay various fines and fees. Appellant filed a timely notice of appeal on August 23, 2013. He requested a certificate of probable cause, which was denied.

## DISCUSSION

We have reviewed the entire record and conclude there are no arguable issues that warrant further briefing. Appellant states in his supplemental brief that there was a "VIOLATION OF A PLEA BARGAIN" and "UNINFORMED INVOLUNTARY WAIVER." However, we have found no clear and convincing evidence of good cause to allow appellant to withdraw his plea, and there was a factual basis for the plea. Appellant states he received ineffective assistance of counsel and that there was "PROFESSIONAL MISCONDUCT," but the record shows he was adequately represented by counsel at every stage of the proceedings. He also states there was a "BRADY VIOLATION OF EXCULPATORY EVIDENCE," but does not point to any relevant exculpatory evidence. Finally, he asserts there were sentencing errors, e.g., "VIOLATIONS OF SENTENCE PROCEDURE," "ILLEGAL ENHANCEMENT," and "CONSTITUTIONAL VIOLATION OF 8TH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT." We have found no sentencing error.

Appellate counsel has informed this court that there may have been a question regarding appellant's competency to stand trial, but he represents that trial counsel " 'considered and rejected' seeking a competency evaluation." We have not found anything in the record suggesting that trial counsel provided ineffective assistance of counsel by not seeking a competency evaluation. Moreover, although a criminal defendant has a constitutional right not be *tried* while incompetent, there are no cases that have extended this right to an appeal. (See *People v. Kelly* (1992) 1 Cal.4th 495, 544.) Thus, whether appellant was competent during the pendency of this appeal would not be an issue on appeal. There are no issues that require further briefing.

3

**DISPOSITION**

The judgment is affirmed.

_____
McGuiness, P.J.

We concur:


_____
Pollak, J.


_____
Siggins, J.